(67 Misc. Rep. 633.)

UNITED STATES RESTAURANT & REALTY CO. v. SCHULTE et al.

(Supreme Court, Trial Term, New York County. May, 1910.)

1. MUNICIPAL CORPORATIONS (§ 663*)—USE OF STREET.

As the streets of the city of New York are for the use of the public, subject to legislative and municipal regulations, a tenant of premises abutting on a street cannot use the street for private gain.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1438–1440; Dec. Dig. § 663.*]

2. LANDLORD AND TENANT (§ 124*)—LEASE OF STORE—RIGHTS ACQUIRED.

Where a store under a hotel is leased, it carries with it easements of light, air, and access through the public street on which the premises abut, but the right to grant a privilege of maintaining a sight-seeing automobile at the curb is not included.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 124.*]

3. LANDLORD AND TENANT (§ 124*)—LEASE OF STORE—PRIVILEGES.

The maintenance of a hack stand in front of a hotel is incident to the use of the premises for hotel purposes, but the maintenance of a sight-seeing automobile is not incidental to the use of a store under the hotel leased to a third party.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 124.*]

4. LANDLORD AND TENANT (§ 172*)—LEASE OF STORE—PARTIAL EVICTION.

A landlord who owned a hotel had licensed a taxicab company to maintain a cab stand in front of the premises, and a municipal license was also granted for the same purpose. Held, that a tenant of a store under

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

the hotel does not suffer a partial eviction, though the use of the street by a sight-seeing automobile is interfered with by the taxicab company.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

Action by the United States Restaurant & Realty Company against David A. Schulte and others. Judgment for plaintiff.

Robert L. Fowler and Norbert Heinsheimer, for plaintiff.
Jerome Eisner, for defendants.

BISCHOFF, J. To an action for rent of a store, having a street frontage and forming part of the building used by the plaintiff as a hotel, the defendants plead an eviction and breach of the covenant of quiet enjoyment, in that they and their sublessee have been excluded from certain street rights deemed to be appurtenant to the premises demised. Prior to the making of this lease, the plaintiff had granted to the New York Taxicab Company the exclusive privilege of maintaining a cab stand in front of the hotel premises, which may be taken to have included this store front. The defendants sublet desk room and telephone privileges in the store to an undertenant, with privilege of maintaining a sight-seeing automobile at the curb; and the resulting conflict between the assumed rights of the defendants' under tenant and of the plaintiff's licensee has led to the present controversy between landlord and tenant.

The lease to the defendants is silent as to any reservation of street rights to the tenants, and the question whether the landlord's license to the taxicab company is an interference with the tenants' use and enjoyment of the premises demised depends upon the extent of the tenants' rights in the street as appurtenant to that lease. As a general proposition, an owner or tenant of premises abutting on the public street cannot use the street space for his private gain, the streets being for the use of the public, subject to such regulations as the Legislature may adopt or may empower the municipality to make. Cohen v. Mayor, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506; Peace v. McAdoo, 110 App. Div. 13, 96 N. Y. Supp. 1039. The defendants' substantial easements of light, air, and access have not been impaired; and, while the plaintiff, as the owner of hotel premises, could by its consent, as it did, authorize the city to license a cab stand on the street opposite the hotel (City v. Reesing, 38 Misc. Rep. 129, 77 N. Y. Supp. 82; People ex rel. Thompson v. Brookfield, 6 App. Div. 398, 39 N. Y. Supp. 673), this deprived the defendants of nothing, since the right attached to the nature of the premises as a hotel and did not extend to a store front. It appears that the municipal authorities have not recognized the assumed rights of the defendants to maintain a sight-seeing automobile opposite the leased premises, nor, by statute or ordinance agreeably to a statute, does such a right exist. Were the proofs such as to show that the defendants had been excluded from some lawful use of the street, through the landlord's prior consent to the maintenance of the cab stand, there might be some possible ground of defense to this action; but, as the matter is presented, there has been no actual exclusion from any use to which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

the tenants may lawfully devote their street frontage. The licensing and presence of a cab stand was an incident to the hotel premises in which the store leased by the defendants was situated; and, since the lease in no way expressed a limitation upon the landlord's incidental right to approve the license and to protect the licensee, the defendants, equally with other lessees of space or hirers of accommodation in the hotel, have no cause for complaint.

I conclude that there should be judgment for the plaintiff for the amount demanded, with costs.

Judgment for plaintiff, with costs